GREEN, J.
delivered the opinion of the court.
The plaintiff’s intestate, and the defendant were partners in trade. The defendant purchased the entire interest of the plaintiff’s intestate, in the business, and obtained the effects of the firm.
The defendant undertook to pay all the debts of the rm and to release the intestate of the plaintiff from all liabilities therefor, and to this end he executed an article of indemnity to hold the plaintiff harmless from all debts then owing by the firm.
*504 A suit was- brought by a creditor of the firm against Gray, as one of ' the members thereof, and a judgment for upwards of one thousand dollars was recovered.
Gray then executed his negotiable notes with sureties to the creditor for the sum so received, and the creditor received them in payment and discharge of the said judgment. Gray then brought this suit against Williams on the said article of indemnity. At the trial his Honor the Circuit Judge, told the jury that although said notes were received in discharge of the said judgment and liability, the plaintiff could not recover in this action, unless the notes so given, had been paid in money or some valuable thing. In this charge we think his Honor erred.
The court was doubtless misled by the case of Brisendine vs. Martin, (1 Ir. L. Rep. 286) where it was held that a surety can not recover from his co-surety contribution in an action for money had and received, unless he had paid the debt of the principal in money or in money’s worth, such as Bank notes, a horse, &c., his own notes with other sureties having been received by the creditor in discharge of the debt due from the principal notwithstanding.
We cannot concur in the correctness of this decision. If the payment of a horse, or another man’s note endorsed by the plaintiff, were taken by the creditor as money in discharge of the debt, we do not perceive any reason why the party’s own note, with other sureties, when so taken, will not also be sufficient to entitle him to recover from the co-surety. The only question the co-surety is interested in, is whether the principal debt is paid and discharged so that he is no further liable therefor.
This view of the case is supported by various decisions in New York and several of the other States.
*505 But the principle indicated by his Honor in his instructions does not apply to this case, even if it were correct. This is a suit upon an article in which Williams undertook to hold Gray harmless from all debts due by the firm. Upon this article, Gray would have a right of action, if he has not been kept harmless, which manifestly has not been done.
Reverse the judgment, and remand the cause for another trial.